833 F.2d 1024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Karl ZIEGLER, Heinz Martin, Heinz Breil and Erhard Holzkamp.
 No. 87-1409.
 United States Court of Appeals, Federal Circuit.
 Oct. 29, 1987.
 
 Before RICH, DAVIS and ARCHER, Circuit Judges.
 DECISION
 DAVIS, Circuit Judge.
 
 
 1
 We affirm the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (Board), which upheld the examiner's rejection of claim 66, the sole remaining claim in appellants' patent application, Serial No. 514,068, filed June 8, 1955. The board found that claim 66 was anticipated either by U.S. Patent No. 4,376,851 to Hogan et al. or in the alternative by U.S. Patent No. 2,691,647 to Field et al.
 
 OPINION
 
 2
 Claim 66 reads "White, solid, plastic polypropylene characterized by being able to be worked into foils and sheets above about 140?C and formed by the polymerization of propylene, using a catalyst formed from an aluminum alkyl and a titanium halide." Notwithstanding the "product-by-process" language, the claim is directed to a product, not to a method for making the product, and is not patentable if the product exists in the prior art even though the prior product was made by a different method. In re Thorpe, 777 F.2d 695, 697-98, 227 USPQ 964, 965-66 (Fed.Cir.1985). The Board found that the examiner had a reasonable basis for concluding that the solid polypropylenes disclosed in both the Field and Hogan patents were the same or similar to the product claimed by Ziegler. In that connection, the Board's opinion pointed out the various specific respects in which appellants' product is identical with or closely similar to the products of Hogan and Field.
 
 
 3
 There is also no doubt that Field and Hogan are proper references. The Field patent is prior art under 35 U.S.C. Sec. 102(e) (1982) in view of its filing date of December 6, 1952. The Hogan patent is entitled under 35 U.S.C. Sec. 120 to the January 27, 1953 filing date of its parent application since the parent application disclosed the invention in the manner required by the first paragraph of 35 U.S.C. Sec. 112, and the same invention is again disclosed (not necessarily in the identical manner) in the issued patent. In re Kirchner, 305 F.2d 897, 904, 134 USPQ 324, 330 (CCPA 1962).
 
 
 4
 In view of the lack of laboratory facilities at the Patent and Trademark Office, a prima facie case for anticipation is made when the prior art discloses a product which reasonably appears, as here, to be either identical with or only slightly different from the product claimed in a product-by-process claim. In re Brown, 459 F.2d 531, 535, 173 USPQ 685, 688 (CCPA 1972); In re Thorpe, 777 F.2d at 698, 227 USPQ at 966. The applicant had an opportunity to rebut this prima facie case with affidavits describing comparative experimental tests as provided in 37 C.F.R. Sec. 1.132 (1986), but chose not to do so.
 
 
 5
 The findings of fact of the board are not clearly erroneous, and its conclusions of law are supported by the facts found. The Patent and Trademark Office has established a prima facie case of anticipation which the appellants have not rebutted with evidence.
 
 
 6
 In deciding this case, no consideration has been given to the "Reply Brief of Ziegler et al. to Brief of Amici Curiae Himont U.S.A., Inc. et al." or the supplemental appendix filed in connection therewith which contains material not of record before the PTO. See 35 U.S.C. Sec. 144. The PTO's motion to strike these papers, deferred to final hearing, is granted.